Noel thank you honors my name is Matt Noel I'm here on behalf of the appellant in this case Kristen Smith may it please the court your honors this case is about what rights my client has to a fair trial basically under the Constitution of the United States I said it in oral argument and I'm going to let your honors know that the substance of this case I don't think Hollywood would make into a movie my client it is alleged by the government faked a present pregnancy for nine months and then just happened to be in the area of her sister who had a baby at the same time my client was going to have one and she abducted the baby and and took her was in the process of taking her from the late Wisconsin to Colorado to live with her I don't believe that the government proved all the elements of the crime beyond a reasonable doubt the jury instruction in this case specifically told the jury that my client had to be acting without the consent of the parents of the of the child in this case my client testified that the father in this case gave her permission to take the baby late at night he he woke up one thing I need to tell your honors is the mother and the father of the baby in this case were planning on moving to Colorado with my client just two short days later the original plan was my client was going to go to Colorado come back and then everybody was going to move out there there was an intervening a couple of intervening events and my client the mother and the father of the child had to go to Chicago come back to the Beloit and then traveled to Colorado all in the short period of time two days the father no no I'm not I'm sorry I'll get I'll cut I'll cut to the chase your I'm not complaining about the instruction the instruction said that the my client had to be working without the consent of the parents in this case and there was no direct evidence that the father didn't give her permission to take the baby the government had a chance stories completely implausible I'm sorry her story is completely implausible and the jury was entitled to reject it I understand that evidence that she faked a pregnancy and wanted to I understand that you're leading with your weakest argument I'm sorry your honor the other part that I don't think she had taken the baby with permission her concealing it in that you know behind the gas station in this terrible I agree with that your honor I think it happens and then lying to the police and so on and I think what happened at that point or what my client testified to was that she panicked at that point she knew she was she was on bond for a warrant out of Texas she had been in trouble with the law before she had panicked at that point the other part and the more interesting part that I don't think that the government proved was how this would have benefited her in any way that the parents were set to move out there in two days I think it's implausible to think that my client could have gotten to Colorado called back and said now you can't move out here and she wouldn't have become the prime suspect in this case and I agree that not all people have well-thought-out plans but she would have been the prime suspect here and I think the water's got muddied even more by the government on closing argument arguing that the actual abandonment of the child at the gas station was going to what was in benefited her in some way I don't think that that's covered by the statute the statute doesn't say if she hides the child or anything like that it says maybe so but the primary theory of the case is that she wanted a baby she and did so I understand that so you know that whether the concealment of the baby benefited her is kind of a backup theory that we don't need to concern ourselves much with because the primary theory is so powerful I understand your honor powerfully supported by the evidence in the case and that brings me to some other points I wanted to make during the trial of the case or during the trial in this case and I do not mean to infer by my next argument that she has a right to lie because of statements that got suppressed but I believe that some of the suppressed statements that were used as impeachment evidence in this case were improperly introduced it was it was entered by the government that there was a prosthetic belly found in her in her vehicle that night I didn't touch on that in direct examination my client did state that she was pregnant however she said that she had lost her baby in sometime in January I don't believe that those two things are inconsistent she she could have both been pregnant and lost the baby on the 16th of January and still had a prosthetic belly and even more concerning was the drawing of the map the map was never introduced as an on the stand to refresh her recollection and it was a very minor point my client had said that she had put the baby I believe situated in front of the gas station and one of the government's witnesses said that the baby was actually found in the back of the gas station that map being shown to the jury not not actually published to the jury but just the fact that they knew that there was a map I think that this is a highly sensitive case as I understand we're talking about a child who was left out in the cold for 30 hours and not just cold extreme cold I think the the actual reading that night was negative eight degrees so what's wrong with the admissibility of the map I don't think it's inconsistent with anything she said at trial well she said that it was she left the baby in front and the map shows she left the baby behind why is that not diametrically opposed because she was left at the gas station I guess that the difference there is so slight and the prejudicial effect is so high these these statements were suppressed by the court and also that goes to my last point about the course of whether or not she was coerced when she sat down to take a polygraph test with special agent rice and from the Iowa Department of Criminal Investigations he was explaining the Miranda waiver form to her and he said I don't think Miranda applies in this case I don't think I don't think you can have a Miranda right in a kidnapping case before the victim is found right so she said so suppose she says well I know where the baby is of course but I'm not going to tell you because I want a lawyer right I mean ridiculous I think you really think person has a right just clam up when there's this baby you know and it's miracle the baby lived I agree with that I think Miranda should apply in such cases I guess I'm confused on on your premise they read her the Miranda form and told her that no one was forcing her to talk to them I don't think they had to read her Miranda rights if what if all they're asking about is where is the baby I don't think what they say to her is look we you know this is we really have to find this baby so we'd like you to answer our questions but where the baby is but of course if you don't want to you know that's your Miranda right and get a lawyer I don't see that as a sane conversation once she asked for a lawyer do you believe that her rights kicked in at that point no not when the victim I don't think you're gonna sacrifice a person's life in order to provide Miranda warnings I don't think the law is that stupid although it may and under that analysis I guess her rights don't exist when the gut when the victim's rights trump that and I guess I don't believe that I think she was this is the right to live that seems to me more important than the right not to legally I don't I understand that your honor and I think what the law says is her rights don't exist in a vacuum the magistrate judge echoed the feelings I think of 98% of people when they said when when the magistrate judge said in its recommendation that if these officers wouldn't have gone this far they would have had many sleepless nights on a personal level I can't with that but on a legal level I don't think my clients rights exist in a vacuum I think she had the right she was in custody and obviously they were interrogating her on this kidnapping so at that point she asked for a lawyer she asked for a lawyer several times she made comments about being done I never raised the the Fifth Amendment right to stay silent and I'm not doing so now I'm just using that as a way to articulate my point that she had no choice but to feel compelled to speak to the officers because everything she did even the ultimate the ultimate this or the ultimate event that the district court found led to the suppression the next day the first thing they did was try to get her to sign a waiver of rights when she told them the last thing they had from her was I I'm not going to sign anything without a lawyer I don't know where any of this gets you district court found as a fact that all the statements on the second day were voluntary and under the Supreme Court's holding in Haas that means they can be used for impeachment I agree Randa then just completely drops out of the picture I don't see how your argument gives you any help all you have is the standard argument that the scope of cross examination can't exceed the scope of the direct that doesn't depend on Miranda it doesn't depend on Edwards it's just a simple argument about the scope of cross being confined to the scope of direct and then your problem on appeal is that whether the scope of cross exceeds the scope of direct is a question we leave pretty much to district judges unless they've taken leave of their senses it didn't look like the judge here took leave of his I think the way the district court handled this put put would put a defendant in a situation where is there anything anything that depends on Miranda as opposed to the standard rule that the scope of cross is limited to the scope of direct that's my question no no so it's all a red herring we're just left with the scope of direct unless what what I'm arguing is that finding a fact was incorrect at the district court level I do believe she was coerced you know you can believe it all you want but there is a judicial finding that there was that these statements were voluntary and I understand and I understand that this could court greatly defers you haven't even argued that that finding was clearly erroneous you pitched everything on the limit to scope of direct I understand that your honor I I would have gotten to that I do think that that that was clearly erroneous and I think that that's what I was trying to articulate before when I was going through how they've ignored they ignored her requests for for counsel and other things during this marathon session of questioning she had they had with her she asked for a lawyer I think the district court found at least four times and they all happened late at night and I understand that but the first thing they that the agents did the next day was was present her with a waiver of rights and I think that that goes back to the floor about Edwards it's not even an argument about Moran and it has nothing to do with the argument you're making and nothing to do with the statements were voluntary I think it has something to do with that the statements were voluntary because she may think that the Supreme Court does not conceive of Edwards as a voluntariness doctor right so you're now disagreeing with the justices of the Supreme Court as well you're just digging a hole here the usual rule is when you find yourself in a hole stop digging thank you honor with that I will reserve the rest of my time for rebuttal thank you okay thank you mr. no miss fluger it pleases the court Julie fluger on behalf of the government as the government's brief laid out the government believes that the district court did not err in finding no coercion was used in getting the defendant miss statements her statements as the district court found were voluntary with no coercion used secondly the case clearly has sufficient evidence to uphold the jury's verdict and the courts denial of the defendants motion for judgment of acquittal additionally there are no evidentiary errors in this case the judge allowed cross-examination on questions and statements that were and allowed the government to ask a question about defendants prior arrest in Texas the defendant claims that was against the stipulation however the judge ruled in favor of the government therefore the government feels there were no errors and no abuse of discretion and I'd be happy to take questions from the court on any of those issues or I will just rest on my brief okay thank you very much do you have anything further mr. no okay well and you were appointed thank you for your efforts on behalf thank you